# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 3033 | **DATE** | May 2, 2012 |
| **CASE TITLE** | MURPHY v. CDW CORP. | | |

**DOCKET ENTRY TEXT:**

Movant Lou Ann Murphy's Motion to Set Aside the Settlement [70] is DENIED.

## STATEMENT

Movant Lou Ann Murphy seeks to have a class action settlement set aside based on alleged misconduct of her attorney and substantive flaws in the settlement. Because the request comes so unreasonably late, I do not consider the merits and instead deny the motion as untimely.

On May 31, 2007, the initial complaint was filed in this case alleging violations of the securities laws. The underlying allegations relate to a transaction by Defendant CDW in which the company went from publicly traded to private. As the caption of the case implies, Lou Ann Murphy was initially the named plaintiff in the matter. However, on October 9, 2007, Roberta Schuman moved to be named the class representative, which motion was granted on October 18, 2007. Ms. Murphy alleges a variety of misdeeds by her counsel in connection with the naming of Ms. Schuman rather than Murphy herself, though I need not ultimately consider the allegations.

On January 8, 2008, the class and CDW moved for preliminary approval of settlement of the class action. I granted that motion two days later. On April 30, 2008, the parties formally moved for class certification and settlement approval. On May 7, 2008, I granted the motion and entered final judgment in the case.

Nearly three years after the entry of judgment, on February 17, 2011, Lou Ann Murphy brought the instant motion. The motion, it should be noted, was entered on the docket but was neither noticed in court nor served on other parties. Though not titled as such, I interpret the motion as one coming under Rule 60(b).

No matter what subsection of Rule 60 the motion comes under, it is untimely. Rule 60(b) provides the relevant mechanism for "Relief From a Judgment or Order." Fed. R. Civ. P. 60. Rule 60(b) delineates six possible grounds for relief, while Rule 60(c) gives the time limits for those motions. Motions to reopen

| STATEMENT |
|---|

premised upon mistake, inadvertence, surprise, or excusable neglect (Rule 60(b)(1)); newly discovered evidence (Rule 60(b)(2)); or fraud, misrepresentation, or misconduct by an opposing party (Rule 60(b)(3)) must be brought "no more than one year after the judgment, order, or proceeding was entered or taken." Fed. R. Civ. P. 60(c). The time limit for motions under 60(b)(1)-(3) is jurisdictional and cannot be extended. *Arrieta v. Battaglia*, 461 F.3d 861, 864 (7th Cir. 2006) (citation omitted). I pause here to note that Ms. Murphy's motion is probably best viewed as one coming under Rule 60(b)(3) because she is essentially alleging a species of misconduct. Thus, her motion is nearly two years too late.

But because Ms. Murphy alleges misdeeds by her counsel, who is not "an opposing party" (which Rule 60(b)(3) appears to require), I also consider it under the catch-all provision embodied in Rule 60(b)(6), and still find it to be untimely. Rule 60(b)(6) motions can be brought within a "reasonable time." There is no hard and fast rule as to how much time is reasonable for the filing of a Rule 60(b)(6) motion. *Ingram v. Merrill Lynch*, 371 F.3d 950, 952 (7th Cir. 2004). The Seventh Circuit has outlined a few basic considerations in determining whether the time is reasonable: "the interest in finality, the reasons for the delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice, if any, to other parties." *Id.*

At the outset, I note that the first and fourth factors - interest in finality and prejudice to the parties - cut strongly against granting Ms. Murphy her requested relief. The transaction at the heart of this litigation was completed on October 12, 2007. Notice and disbursement under the terms of the settlement have also long since taken place. Regarding prejudice, even if I take Ms. Murphy's counsel out of the equation (since they are the alleged wrongdoers), Defendant CDW would clearly be prejudiced if it were forced to reopen a case it thought had long been over.

Regardless, I focus more on the second and third factors: the reasons for delay and the practical ability of the litigant to learn earlier of her stated grounds for relief. I find those to be so strongly against granting relief that they are nearly dispositive in and of themselves.

In explaining her reasons for failing to bring the motion for nearly three years after judgment was entered, Ms. Murphy has offered practically nothing by way of explanation. Without amplification, she says that she "only recently learned that the case had been settled." She complains much about how her counsel did not contact her at all after an early consultation but she has not documented any affirmative steps she took to find out what was happening with the case. Even assuming her lawyer was wrong in not contacting her back in 2007 (a determination I do not make), after a month, a year, two years, common sense should have told her that *something* was wrong and she should have inquired further.

Ms. Murphy had practical avenues available to her to conduct that inquiry. She could have tried to contact her lawyer or the firm rather than simply waiting for them to contact her. She could have inquired with the court about whether the case was progressing, either by placing informal calls or by checking the docket, something she obviously has the ability to do given the repeated references to the electronic filing system in her motion.

In saying all this, I emphasize that under normal circumstances and if it had been for a shorter period of time, Ms. Murphy's inaction might be overlooked and the focus might be more squarely on her attorney. But courts have repeatedly held that relief under Rule 60(b)(6) is an "extraordinary remedy and is granted only in exceptional circumstances." *Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009). In order to achieve this kind of relief, Ms. Murphy would have had to show a significantly

| **STATEMENT** |
|---|
| better reason for her delay in bringing this Rule 60(b) motion.  Her motion is therefore DENIED. |